IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL DEAN WHITE,

           Plaintiff,

v.                              CIVIL ACTION NO. 2:10-cv-00684

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Michael Dean White's Complaint seeking review of the decision of the Commissioner of Social Security (Commissioner). [Docket 2.] By Standing Order entered August 1, 2006, and filed in this case on April 28, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF & R) (Docket 4.) Magistrate Judge Stanley filed a PF & R on June 24, 2011, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. (Docket 12.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's

Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF & R in this case were due on July 11, 2011, and Plaintiff filed a document styled "Plaintiff's Objections to the Defendant's Proposed Findings and Recommendations" on July 8, 2011. (Docket 13.) The Commissioner filed his response to Plaintiff's objections on July 21, 2011. (Docket 14.)

*I. Procedural Background*

On October 11, 2007, Plaintiff filed applications for supplemental security income (SSI) and for disability insurance benefits under Titles II and XVI of the Social Security Act [42 U.S.C. §§ 401-433, 1381-1383f] alleging disability as of January 1, 2005 due to mental problems, attention deficit hyperactivity disorder (ADHD), and injury to his right heel. (Docket 9-5 at 130-41 & 9-6 at 160-69.) On May 20, 2008, following initial administrative denials of his claims, Administrative Law Judge, John W. Rolph (hereinafter "ALJ") conducted a hearing at which Plaintiff testified and presented evidence in support of his claim. (Docket 9-2 at 28-75.)

On December 9, 2008, the ALJ issued his written decision that Plaintiff was not entitled to disability benefits. (Docket 9-2 at 15-27.) Plaintiff's request for review of the ALJ's decision was denied by the Administration's Appeals Council and, thus, on February 25, 2010, the ALJ's decision became the final decision of the Commissioner. (Docket 9-2 at 1-4.)

Having exhausted his administrative remedies, Plaintiff filed his Complaint in this Court on April 28, 2010. [Docket 2.] Magistrate Judge Stanley filed a PF & R on June 24, 2011, recommending that this Court affirm the final decision of the Commissioner. (Docket 12.)

## II. Plaintiff's Background

Plaintiff was twenty-two years old as of January 1, 2005, the date of onset of his alleged disability. (Docket 9-2 at 33 & 24.) He has a high school education, can read and write in English and passed his driver's license examination on his first attempt. His work history consists of a series of odds jobs, including work at a wire manufacturing company, a grocery store, a pizza shop and an automotive supply store. (Docket 9-2 at 34-37.) His medical history includes past diagnoses of schizoaffective disorder, intermittent explosive disorder, attention deficit hyperactivity disorder (ADHD), depressive disorder, obesity, right leg fracture, and right ankle and heel problems. (Docket 9-8 through 9-15.)

## III. Administrative Findings

The ALJ, using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, made the following findings:

1. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2005;

2. Plaintiff has not engaged in substantial gainful activity since the date of onset of the alleged disability, that is, January 1, 2005;

3. The Plaintiff has the following severe impairments: schizoaffective disorder and right heel injury;

4. No one or combination of Plaintiff's impairments meets or medically equals one of the listed impairments in 20 C.F.R. §§ 404.1526, 416.925, 416.926;

5. Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c);

6. Plaintiff has no past relevant work history;

7. Plaintiff is a younger individual on the date of onset of alleged disability within the meaning of 20 C.F.R. §§ 404.1563 and 416.963;

8. Plaintiff has at least a high school education and is able to communicate in English;

9. Transferability of job skills is not an issue because Plaintiff does not have a relevant past work history;

10. Jobs that Plaintiff can perform exist in significant numbers given Plaintiff's age, education, work experience and residual functional capacity; and

11. Plaintiff has not been under a disability within the meaning of the Social Security Act from January 1, 2005 through December 9, 2008, the date of the ALJ's decision.

*IV. Plaintiff's Objection to the PF & R*

Plaintiff's sole objection to the PF & R is the Magistrate Judge's recommendation that "the District Judge find that the ALJ properly assessed Claimant's mental impairment . . . and his findings are supported by substantial evidence." (Docket 13 at 3.) In support of this contention, Plaintiff states, "While the ALJ's Decision found that [Plaintiff's] schizoaffective disorder is a severe impairment, the [residual functional capacity] assessment does not fully consider the impact of this impairment on functional ability as required by SSR 96-8p." (*Id.* at 1.)

The Commissioner asserts that Plaintiff's contentions are without merit because, where the ALJ considered all the evidence in the record, and where Plaintiff fails to "specifically identify any particular evidence in the record that the ALJ overlooked in assessing his RFC," the Magistrate Judge appropriately concluded that the ALJ complied with SSR 96-8p. (Docket 14 at 1-3.)

*V. Standard of Review*

Pursuant to Fed. R. Civ. P. 72(b)(3), the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made. This Court is authorized to review the Commissioner's denial of benefits, as set forth by his designee, the ALJ, under 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to these provisions, the sole issue before the Court is whether the final decision of the Commissioner denying Plaintiff's claims for benefits is supported by substantial evidence and was reached by application of the correct legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Evidence is substantial if "it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig,* 76 F.3d at 589 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

*VI. Discussion*

*The Magistrate Judge Correctly Found that the ALJ Correctly Considered the Applicable Regulations and Properly Determined that the ALJ's Findings are Supported by Substantial Evidence*

Plaintiff contends that the ALJ failed to comply with the requirements of Social Security Ruling 96-8p (Ruling) when making his residual functional capacity (RFC) assessment. (Docket 13 at 1-3.) More particularly, Plaintiff argues that the Ruling requires an RFC to include a discussion

of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence. *Id.*

Social Security Ruling 96-8p requires an adjudicator to base the RFC assessment on "*all* of the relevant evidence in the case record . . . ." SSR 96-8p, 1996 WL 374184 * 5 (July 2, 1996). The Ruling sets forth examples of the type of evidence an adjudicator must consider: a claimant's medical history, medical signs and laboratory findings, the effects of treatment, the limitations or restrictions imposed by the mechanics of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment and available work evaluations. *Id.* The adjudicator must consider all of the claimant's impairments, even those that are not severe. *Id.* at *7. The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence, and the individual's ability to perform sustained work activities in a work setting on a regular and continuous basis and discuss the maximum amount of each work-related activity the individual can perform based on the evidence in the record. *Id*. The adjudicator must also explain how any material inconsistencies or ambiguities in the record were considered and resolved. *Id.* The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence. *Id.*.

Plaintiff's objection lacks merit. Review of the entire record plainly demonstrates that the ALJ fairly and thoroughly considered the impact of Plaintiff's schizoaffective disorder—including the disorder's associated feature of explosive episodes—on Plaintiff's functional ability, and that the

ALJ's review fully satisfied the standards set forth in Ruling 96-8p. Throughout his thirteen-page decision, the ALJ made repeated reference to Plaintiff's mental health history, which included anger control issues and repeated incidents of emotional and aggressive outbursts. For example, the ALJ noted

- Plaintiff reportedly had a long-standing history of "yelling, screaming, stomping, and slamming doors" (Docket 9-2 at 18);
- Plaintiff was admitted to a hospital by his mother for "problems with his temper," *id.*;
- Plaintiff was admitted to a hospital on another occasion for "aggressive outbursts toward his parents," *id.* at 19;
- Plaintiff's testimony that his family doctor had treated Plaintiff for "anger problems" and had given him medication that worked well, *id.* at 22;
- Plaintiff's mother's testimony that her son had problems with anger when he was in school and that she was afraid of him "because he got angry about every day," *id.* at 23.

Additionally, the ALJ expressly stated in his RFC assessment, "[a]s for the claimant's schizoaffective disorder, he had a long history of situational anger outbursts, two of which resulted in psychiatric facility admissions. *Id.* at 24. The ALJ also noted that the basis of one of these hospitalizations was because of Plaintiff's "temper" and "aggressive behavior" toward his parents. *Id.* at 24. The ALJ also noted Plaintiff's testimony that because of medication "his anger issues were now 'under control.' " *Id.* The ALJ also considered and credited medical source opinions which diagnosed Plaintiff with schizoaffective disorder, but also concluded that Plaintiff was within "normal limits on all functioning," that he had "mild restriction of activities of daily living," "mild difficulties in maintaining social functioning," "mild difficulties in maintaining concentration, persistence, or pace," "no evidence of decompensation," and that Plaintiff's "activities of daily living

did not support his alleged limitations." (Docket 9-2 at 25.) Finally, as noted in the PF & R and by the Commissioner, the ALJ did not err in considering Plaintiff's anger issues as a feature of his schizoaffective disorder and not, as Plaintiff urges here, as a free-standing diagnosis. (Docket 12 at 38.) Quoting the Commissioner, the Magistrate Judge stated in the PF & R, "[a]ccording to the *Diagnostic and Statistical Manual* (*DSM)*, intermittent explosive disorder is only a free-standing diagnosis if the aggressive episodes are not better accounted for as an associated feature of another mental disorder, such as schizophrenia." *Id.* Based on this record, Plaintiff's assertions that the Magistrate Judge erred in finding that the ALJ properly assessed claimant's mental impairment and erred in finding that the ALJ's findings are supported by substantial evidence are meritless.

Plaintiff also contends that the ALJ violated Ruling 96-8p by failing to adequately explain his reasons for rejecting the testimony of the vocational expert that was given in response to hypothetical questions posed by Plaintiff's representative at the hearing. (Docket 13 at 2.) In making his finding that jobs exist in significant numbers that Plaintiff can perform given his age, education, work experience and residual functional capacity, the ALJ reviewed and credited the testimony of the vocational expert. The ALJ, however, rejected the factual bases for the assumptions made by Plaintiff's representative in crafting the hypothetical questions. (Docket 9-2 at 26-27.) In his decision, the ALJ specifically addressed Plaintiff's representative's hypothetical question to the vocational expert at the hearing. The ALJ stated

> The claimant's representative asked the vocational expert, whether due to the anger problems this individual would not have a marked limitation due to violent and emotional outbursts about 20% of the time in a work setting, that would preclude sustained employment. The vocational expert responded by saying that if a person has emotional outbursts such as were discussed during the hearing and they occurred 20% of the time, the individual would not be able to keep a job. The claimant's representative also asked the vocational expert whether, if they occurred once every

>three months, would the person still be able to maintain a job. The vocational expert responded that they would not be employable in an unskilled work environment. *However, the objective findings do not support such a limitation*.

*Id.* (emphasis added.)

Plaintiff argues that the ALJ's statement that the objective evidence did not support these hypothetical limitations "is very brief and does not adequately address the reasons why he believes 'the objective findings do not support such a limitation.' " (Docket 13 at 2.) Plaintiff directs the Court's attention to the "Narrative Discussion Requirements" portion of Ruling 96-8P. (Docket 13 at 2.) Plaintiff states "SSR 96-8p states that the RFC must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.*

Plaintiff's argument fails for two reasons. First, while Plaintiff's paraphrasing is accurate, that part of the Ruling expressly refers to the narrative discussion requirements of the *RFC* assessment. The statement by the ALJ that Plaintiff takes issue with, however, appears *after* the ALJ made his RFC assessment. The statement appears in the last section of the decision where the ALJ is determining the separate question of whether significant numbers of jobs exist in the national economy considering Plaintiff's age, education, work experience and residual function. (Docket 9-2 at 26-27.) Thus, Plaintiff's reliance on this part of Ruling 96-8p is misplaced.

Plaintiff's argument also fails for the more substantive reason that the hypothetical questions posed to the vocational expert contained assumptions that the ALJ determined were not substantiated by the objective evidence in the record (as set forth in significant detail in the RFC assessment section of the decision). In *Kale v. Douthitt*, 274 F.2d 476 (1960), the Fourth Circuit discussed the

requirements of a competent hypothetical question posed to an expert

> Generally, a hypothetical question must assume all facts disclosed by the evidence material to the theory of the case as viewed from the side propounding the question. A question which assumes any material fact not supported by the evidence is inadmissible. A question which omits any material fact essential to the formation of a rational opinion is likewise incompetent. The facts upon which the expert bases his opinion or conclusion must permit reasonably accurate conclusions as distinguished from mere guess or conjecture.

*Id.* at 482; *see also Walker v. Brown*, 889 F.2d 47 (4th Cir. 1989)(stating in order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments; where the ALJ did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were, his answers to those questions were not particularly useful).

In support of his argument, Plaintiff cites several portions of the record where evidence of Plaintiff's outbursts are documented. (Docket 13 at 1-3.) In his objection, however, Plaintiff does not cite any evidence in the record to support his hypothetical assumption that he would, if employed, have outbursts "20% of the time" or "once every three months." Moreover, Plaintiff's hypothetical limitations are undermined by his own testimony. As noted by the ALJ, Plaintiff testified that his anger issues were now "under control." (Docket 9-2 at 43.) Plaintiff repeatedly testified that he was doing well on his medication [Seroquel] and that he takes his medication as prescribed. *Id.* at 43, 53, 54, 57. This was evidence the ALJ used in connection with making his RFC assessment. The ALJ, over the course of nine pages of a thirteen page, single-spaced decision, provided a thorough and detailed recitation and analysis of "*all*" the evidence in the record. The Court finds that, even if the ALJ's statement that the objective evidence did not support the

hypothetical functional limitations given by Plaintiff's representative did not meet the requirements of Ruling 96-8p, any error would be harmless.

*VII. Conclusion*

The Court **FINDS** that the ALJ's findings are supported by substantial evidence and were reached by application of the correct legal standards. Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the PF & R (Docket 12), **DISMISSES** Plaintiff's Complaint [Docket 2], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 9, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE